**JAW LEGAL**
Jared A. Washkowitz  (7653)
1050 Bishop Street #450
Honolulu, Hawaii 96813
Tel: 808-840-7410
Fax: 415-520-9729
Email: jw102475@gmail.com

Attorney for Plaintiff
PEGGY RESSEAU

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

SEP 05 2013

at 10 o'clock and 23 min. ___M.
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| PEGGY RUSSEAU,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>ATLANTIS SUBMARINES HAWAII,<br>LLC; ATLANTIS ADVENTURES, LLC;<br>DOE DEFENDANTS 1-20, DOE<br>CORPORATIONS, 1-20, DOE<br>GOVERNMENT AGENCIES 1-20, DOE<br>PARTNERSHIPS 1-20,<br><br>　　　　Defendants.<br>_____ | CASE NO.:  CV13  00442 JMS BMK<br><br>**COMPLAINT; SUMMONS**<br><br>**DEMAND FOR JURY TRIAL**<br><br>(In Admiralty) |

## COMPLAINT

Plaintiff PEGGY RUSSEAU, by and through her undersigned counsel, sets forth the

following Complaint against Defendants ATLANTIS SUBMARINES HAWAII LLC, ATLANTIS

ADVENTURES, LLC, DOE DEFENDANTS 1-20, DOE CORPORATIONS, 1-20, DOE

GOVERNMENT AGENCIES 1-20, DOE PARTNERSHIPS 1-20, as follows:

-1-

## I.      Parties, Jurisdiction, and Venue

1.      This is a case of admiralty and maritime jurisdiction as more fully alleged herein, and is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

2.      Jurisdiction is based upon 28 U.S.C. § 1333 (admiralty) as this action is a claim for injuries sustained by a passenger aboard a vessel in navigation upon the navigable waters of the United States. This Court also has diversity jurisdiction pursuant to 28 U.S.C. § 1331 because Plaintiff and all Defendants are citizens of different states, and the amount in controversy exceeds $75,000 exclusive of interest and costs.  Venue is proper in this district pursuant to 28 USC § 1391 because Defendants reside in this district and a substantial part of the events giving rise to Plaintiff's claims occurred in this district.

3.      Plaintiff PEGGY RUSSEAU is and was, at all relevant times herein, a resident of the City of Newport, State of Michigan.

4.      Upon information and belief, Defendant ATLANTIS SUBMARINES HAWAII LLC is and was all times relevant herein a limited liability company registered to do business in the State of Hawaii for the purpose of operating a submarine attraction, and the owner, lessor and/or charterer of the Transport Boat where the accident, as described below, occurred.

5.      Defendant ATLANTIS ADVENTURES, LLC is and was at all times relevant herein a limited liability company registered to do business in the State of Hawaii for the purpose of operating a submarine attraction, and the owner, lessor, and/or charterer of the Transport Boat where the accident, as described below, occurred.

6.      DOE DEFENDANTS 1 through 20, DOE CORPORATIONS 1 through 20, DOE GOVERNMENT AGENCIES 1-20, and DOE PARTNERSHIPS 1-20, are sued herein under fictitious names for the reason that their true names and identities are presently unknown to Plaintiffs, except that they are persons and/or entities who are in some manner presently unknown to Plaintiffs engaged in the activities alleged herein; and/or are in some manner responsible for the injuries and damages to Plaintiffs; and/or are persons and/or entities who conducted some activity in a negligent and/or willful manner; which conduct was the proximate cause of the injuries or damages to Plaintiffs and/or were in some manner related to the previously named Defendants engaged in the activities alleged herein; and Plaintiffs pray leave to insert their true names and capacities, activities and/or responsibilities, whether individual or corporate, when the same are ascertained.  Plaintiffs have been unable to ascertain the identities of these DOE DEFENDANTS through a thorough examination of all documents available to Plaintiffs at this time.

## II.      General Allegations

7.      On March 5, 2013, Plaintiff PEGGY RUSSEAU ("Plaintiff' or "Ms. RUSSEAU") purchased a ticket to participate in a tourist attraction in Waikiki called the Atlantis Submarine Tour. According to its website, on the Atlantis Submarine Tour, patrons ride in a submarine that descends to 100 feet underwater in order to view reef and marine life.  In order to board the submarine, patrons must take a boat that transports them from shore to the submarine (the "Transport Boat").

8.      While on the Transport Boat, Ms. RUSSEAU was in the restroom, which was not equipped with proper hand holds and in which the floor was wet and slippery, when the Transport Boat suddenly jerked, throwing her into the bathroom door and causing Ms. RUSSEAU to fall onto

the floor.  As a result, Ms. RUSSEAU sustained multiple injuries, including but not limited to injuries to her right shoulder and arm.  Ms. RUSSEAU was taken by the Transport Boat back to the shore fronting the Hilton Hawaiian Village Waikiki Beach Resort (the "Hilton") and then escorted to Straub Clinic at the Hilton.  X-rays of Ms. RUSSEAU were taken at Straub Clinic at the Hilton and revealed that Ms. RUSSEAU had suffered a right humerus fracture.

9.     On March 13, 2013, after returning to her home in Michigan, Ms. RUSSEAU followed up with her personal care physician.  At that time, more X-rays were taken and it was determined that Ms. RUSSEAU actually had three fractures in her right shoulder.  As a result of her injuries, Ms. RUSSEAU had surgery performed to place a plate with nine screws into her right shoulder.  Ms. RUSSEAU also subsequently developed lymphedema in her right arm.   Due to her treatment Ms. RUSSEAU missed significant periods of work, lost income as a result, and sustained other damages as alleged herein.

10.     Upon information and belief, Defendants owned and operated the Transport Boad that Ms. RUSSEAU was on at the time of the Accident.  At all times relevant herein, Defenadnts knew or should have known that the restroom of the Transport Boat was not propertly equipped with hand holds, railings, and other safety mechanisms in accordance with applicable federal, state and/or local statutes and regulations and that the floor of the restroom in which Ms. RUSSEAU was injured was wet and slippery at the time of the accident.  In addition, the captain and crew of the Transport Boat failed to to warn passengers including Ms. RUSSEAU of forseeable hazardous weather and sea conditions at the time of the accident, and they failed to navigate  the vessel so as to minimize the impact of forseeable weather and sea conditions.

## COUNT I

### NEGLIGENCE

11.    Plaintiff incorporates by reference and realleges as if fully set forth herein, the allegations contained in all preceding paragraphs.

12.    At all times relevant herein, Defendants owed Plaintiff a duty of reasonable care under the circumstances and a duty to protect Plaintiff from unreasonable risk of physical harm.

13.    At all times relevant herein Defendants breached this duty of care by failing to equip the Transport Boat with hand holds, railings, and other safety mechanisms in accordance with applicable federal, state and/or local statutes and regulations; by failing to clean and maitain the floor of the restroom in which Ms. RUSSEAU was injured resulting in the restroom floorr being wet and slippery at the time of the accident; by failing to warn passengers including Ms. RUSSEAU of forseeable hazardous weather and sea conditions at the time of the accident; by failing to navigate the vessel to minimize the impact of forseeable weather and sea conditions; and by such further acts and ommissions on the part of Defendants as revealed through discovery.    At all material times Defendans had actual or constructive notice of the above conditions and knew or should have known that the above conditions created an unreasonable risk of harm to Plaintiff.

14.    As a direct and proximate result of the Defendants' negligene as alleged above, Ms. RUSSEAU suffered and continues to suffer from severe shoulder and arm injuries, pain and suffering, emotional distress, lost income and other special and general damages in amounts according to proof that are in excess of this Court's minimum jurisdiction.

## COUNT II

-5-

## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

15.     Plaintiff incorporates by reference and realleges as if fully set forth herein, the allegations contained in paragraphs 1 through 18 above.

16.     In performing all of the acts described above, Defendants negligently inflicted severe emotional distress on Plaintiff.

17.     As a direct and proximate result of the Defendants negligent infliction of severe emotional distress, Plaintiff suffered special and general damages in amounts to be proven at trial.

WHEREFORE, Plaintiff PEGGY RUSSEAU prays for judgment against Defendants, jointly and severally, as follows:

A.     For general damages in an amount to be proven at trial in excess of $75,000;

B.     For special damages in an amount to be proven in trial in excess of $75,000;

C.     For consequential and incidental damages in an amount to be proven at trial, and

D.     For attorneys' fees, costs of suit, prejudgment interest from the date of this incident, and such other and further relief, both legal and equitable, that this Court deems just and proper under the circumstances.

DATED: Honolulu, Hawaii, _____ Sep 5 _____, 2013

JARED A. WASHKOWITZ
Attorneys for Plaintiff
PEGGY RUSSEAU

## **DEMAND FOR JURY TRIAL**

Plaintiff PEGGY RUSSEAU, by and through her undersigned counsel, hereby demands a trial by jury on all issues so triable.

DATED: Honolulu, Hawaii, _____Sep. 5_____, 2013

JARED A. WASHKOWITZ
Attorneys for Plaintiff
PEGGY RUSSEAU